No. 26-6253

# United States Court of Appeals for the Ninth Circuit

JOSEPH TAYLOR, MICK CLEARY, AND JENNIFER NELSON,

*Plaintiffs-Appellees*,

v.

GOOGLE LLC,

*Defendant-Appellee.*

*Appeal from the U.S. District Court for the Northern District of California, Case No. 20-cv-7956, before the Honorable Virginia K. DeMarchi*

## PLAINTIFFS-APPELLEES' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CIRCUIT RULES 10-3.1(a) AND 10-3.1(d)

Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com

This appeal should be dismissed for failure to comply with Circuit Rules 10-3.1(a) and 10-3.1(d). On September 21, 2026, objector-appellant Nathan Byars filed a notice of appeal. Mr. Byars was required within **seven days** to serve appellees "a notice specifying which portions of the transcript appellant intends to order from the court reporter, as well as a statement of the issues the appellant intends to present on appeal." Circuit Rule 10-3.1(a). That deadline passed September 28, 2026. Mr. Byars still has not served Plaintiffs any statement of issues.[1] Nor did he serve Plaintiffs any notice specifying the portions of the transcript he intended to order. Mr. Byars was also required to "file a transcript order in the district court" by October 5, 2026, within **14 days** of his notice of appeal. Circuit Rule 10-3.1(d); *see* ECF 2 at 2 ("10/5/2026: Nathan Byars: Appeal Transcript Order Due"). As of today, October 6, 2026, Mr. Byars has still not filed any such transcript order.

This Court specifically warned Mr. Byars that failure to comply with this Court's schedule, including the requirement to file the required transcript order by October 5, "will result in automatic dismissal of the appeal" under Circuit Rule 42-1. Court Dkt. Text at ECF 2; *see* Circuit Rule 42-1. Because Mr. Byars has failed to take necessary steps in prosecuting his appeal, his appeal should be dismissed.

---

[1] Although Mr. Byars filed a mediation statement (a day after the deadline to file the statement) identifying *one* issue he intends to raise on appeal, he did not identify any other issues he may raise.

Mr. Byars's failure to serve a statement of issues or transcript notice has prejudiced Plaintiffs' ability to respond to his appeal. "The intent of the requirement of a statement of the issues is to provide the appellee with notice of those transcripts necessary for resolution of the issues to be raised by the appellant on appeal." Circuit Advisory Committee Note to Circuit Rule 10-3. By rule, an appellee is entitled to 7 days to respond to an appellant's statement of issues and initial notice of transcript and to designate "any additional portions of the transcript the appellee deems necessary to the appeal." Circuit Rule 10-3.1(b). The Circuit Rules then require that the appellant order any portions of the transcript the appellee requests or certify to this Court that they are unnecessary. Circuit Rule 10-3.1(d). Mr. Byars did none of this: he served Plaintiffs no notice, allowed them no opportunity to review his statement of issues or transcript order, precluded them from serving any counter-notice, and did not timely file any transcript order.

The Circuit Rules and applicable law authorize dismissal here. In addition, the "failure to comply" with Circuit Rule 10-3.1(a) "may, in the Court's discretion, result in dismissal of the appeal." Circuit Advisory Committee Note to Circuit Rule 10-3. The Circuit Rules also explicitly state that "an order may be entered by the clerk dismissing the appeal" if the appellant fails to "comply with rules requiring processing the appeal for hearing." Circuit Rule 42-1. Furthermore, the Federal Rules of Appellate Procedure authorize "dismissal of the appeal" when an appellant fails to "take a 'step' in the procedure of appeal after filing notice of appeal," including the failure to comply with

transcript deadlines. *See Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980) (citation omitted) (applying Fed. R. App. P. 3(a) to dismiss an appeal for failure to comply with transcript deadlines); *Sw. Adm'rs, Inc. v. Lopez*, 781 F.2d 1378, 1380 (9th Cir. 1986) (holding that failure to comply with transcript deadlines "warrants dismissal of the appeal"). Each of these reasons provides an independent justification for this Court to dismiss Mr. Byars's appeal.

Because Mr. Byars has failed to comply with the mandatory requirements of Circuit Rules 10-3.1(a) and 10-3.1(d), and because his failure has already prejudiced Plaintiffs' ability to respond to Mr. Byars's appeal, this Court should dismiss Mr. Byars's appeal.

Respectfully submitted,

*J. Jacob Marsh*

Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com