**No. 26-6253**

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

JOSEPH TAYLOR; MICK CLEARY; JENNIFER NELSON,

Plaintiffs-Appellees,

v.

GOOGLE LLC,

*Defendant-Appellee*

Appeal of the Order and Final Judgment
Approving Class Action Settlement
from the United States District Court
for the Northern District of California
No. 5:20-cv-07956-VKD
Hon. Virginia K. DeMarchi

---

## OBJECTOR-APPELLANT NATHAN BYARS'S OPPOSITION TO PLAINTIFFS-APPELLEES' MOTION TO DISMISS

---

MARK L. JAVITCH
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
(650) 781-8000
(650) 300-0343 (fax)
mark@javitchlawoffice.com

*Attorney for Objector-Appellant*
Nathan Byars

## OPPOSITION

Plaintiffs ask this Court to dismiss the appeal for a brief, now-cured delay in a record-preparation step that does not affect this Court's jurisdiction. The motion should be denied.

The premise of the motion is gone. On October 6, 2026, Mr. Byars filed in the district court both the Transcript Designation Form certifying that no transcript will be ordered and his Statement of the Issue to be presented on appeal under Federal Rule of Appellate Procedure 10(b)(3), and served Plaintiffs through the district court's CM/ECF system. Dkt. 412 (Transcript Designation Form); Dkt. 413 (NOTICE by Nathan Byars of Statement of Issues to be presented on appeal). He had already identified his single issue — the adequacy of representation under Rule 23(a)(4) — in his Mediation Questionnaire on September 30, 2026. Mot. 2 n.1.

Dismissal is discretionary, not automatic. Ordering a transcript is a step after the notice of appeal, and "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." Fed. R. App. P. 3(a)(2);

That discretion is guided by "prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal," *Azizian*, 499 F.3d at 962, and here, each weighs against dismissal. The delay was brief and is cured, and the appeal is substantial — it presents whether a settling class was adequately represented under Rule 23(a)(4) where the same counsel represented two adverse classes dividing one fixed sum, cured only by a "special settlement counsel" that counsel retained and paid. *See In re Clearview AI, Inc. Consumer Priv. Litig.*, 181 F.4th 785, 788–89 (7th Cir. 2026).

Plaintiffs' authorities do not require dismissal. Mr. Byars's legal issue needs no transcript, and he has cured. With the default cured and Plaintiffs free to designate any transcript they wish, the proportionate course is to let the Rule 10-3.1(b) process proceed — not to dismiss.

## CONCLUSION

The motion to dismiss should be denied.

Date: October 7, 2026

Javitch Law Office

/s/ Mark L. Javitch
Mark L. Javitch (CA #323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Fax: (650) 300-0343

*Attorney for Objector-Appellant*
*Nathan Byars*

## CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 832 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f). This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: October 7, 2026

/s/ Mark L. Javitch
Mark L. Javitch

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

Dated: October 7, 2026

*/s/ Mark L. Javitch*
Mark L. Javitch