No. 26-6253

# United States Court of Appeals for the Ninth Circuit

JOSEPH TAYLOR, MICK CLEARY, AND JENNIFER NELSON,

*Plaintiffs-Appellees,*

v.

GOOGLE LLC,

*Defendant-Appellee.*

*Appeal from the U.S. District Court for the Northern District of California, Case No. 20-cv-7956, before the Honorable Virginia K. DeMarchi*

## PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com

Mr. Byars's opposition demonstrates why his appeal should be dismissed. It is incumbent on each appellant to follow carefully all requirements of an appeal—especially an appellant like Mr. Byars who is represented by counsel. Yet Mr. Byars has opted to bypass the deliberative process for designating transcripts for consideration on appeal, and to proceed with a gerrymandered record that excludes necessary evidence. This Court should not allow it.

Mr. Byars does not dispute the basic facts and law. Mr. Byars admits that he never served a Circuit Rule 10-3.1(a) notice or statement of issues by his deadline of September 28, 2026. ECF 7 at 2. He also admits that he failed to file a transcript order by October 5, 2026. *Id.* Mr. Byars further concedes that this Court has the discretion "to act as it considers appropriate, including dismissing the appeal." *Id.* (quoting Fed. R. App. P. 3(a)(2)).

The Ninth Circuit has prescribed an ordered, deliberative sequence intended to produce a complete record on which to decide appeals. Circuit Rule 10-3.1 does not provide a menu of optional, independent steps that the parties may choose to satisfy in any order. Instead, it sets a mandatory sequence designed to assemble a reliable appellate record. Mr. Byars has chosen to bypass each step in that sequence.

***First***, within seven days of the notice of appeal, an appellant must serve the appellee "a statement of the issues the appellant intends to present on appeal" and either "a notice specifying which portions of the transcript appellant intends to order" or "a

statement indicating that appellant does not intend to order any transcripts." Circuit Rule 10-3.1. Mr. Byars did neither.

***Second***, only after the appellant serves such "initial notice, appellee may respond" with "a list of any additional portions of the transcript that appellee deems necessary to the appeal." Circuit Rule 10-3.1. By failing to serve an initial notice, Mr. Byars prevented appellees from responding before the transcript deadline.

***Third***, the appellant is obligated either to "order all portions of the transcript listed by both appellant and appellee," or to "certify to the district court . . . that the portions listed by appellee in the response to appellant's initial notice are unnecessary." Circuit Rule 10-3.1. Mr. Byars chose not to order any transcripts, not to afford Plaintiffs any opportunity to list transcripts that they deem necessary, and not to provide any explanation or certification to the district court as to why Mr. Byars thinks such transcripts are unnecessary.

***Fourth***, if the appellant certifies that the appellees' transcripts are unnecessary to the appeal, the district court is obligated to adjudicate the parties' dispute. Mr. Byars circumvented Plaintiffs entirely, filed no such certification, and thus eliminated the district court's role in the transcript-designation process.

By ignoring each step of the transcript-designation process, Mr. Byars has prejudiced Plaintiffs and impaired this Court's ability to ensure that it receives a complete and fair record. Mr. Byars asserts, without evidence, that his single legal issue "needs no transcript." ECF 7 at 3. But the objective of this process is to determine

what transcripts are necessary based on the positions of both parties and the judgment of the district court. Mr. Byars had an obligation to apprise the appellees and the district court of what issues will be raised on the appeal, to permit the appellees to participate in the transcript-designation process, and to allow the district court to adjudicate any dispute among the parties over what transcripts are necessary for this Court to decide the appeal. Mr. Byars, however, unilaterally decided that this Court does not need to review any transcripts. In the Ninth Circuit, Mr. Byars is not permitted to make that decision alone.

Mr. Byars does not dispute that the Court has the discretion to dismiss his appeal for his procedural failures. Rather, Mr. Byars argues that "[t]he premise of the motion is gone" and that he "has cured" any prejudice. ECF 7 at 2, 3. But Mr. Byars has not cured his failure to involve Plaintiffs in the transcript-designation process before the transcript order deadline. Instead of providing Plaintiffs a week's notice, Mr. Byars provided no notice whatsoever that he intended not to order any transcripts. Mr. Byars served Plaintiffs a statement of issues and filed a transcript order simultaneously, more than a week after the notice deadline, a day after the transcript order deadline, and only in response to Plaintiffs' motion to dismiss his appeal.

Mr. Byars asks that this Court "let the Rule 10-3.1(b) process proceed." ECF 7 at 3. But the time for that process has now passed. Mr. Byars says that Plaintiffs are "free to designate any transcript they wish," but as Circuit Rule 10-3.1 makes clear, the time for Plaintiffs to do so was *before* Mr. Byars submitted his transcript order.

Mr. Byars's other arguments in opposition are without merit. Mr. Byars quotes *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 962 (9th Cir. 2007), for the proposition that this Court should consider "prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal." ECF 7 at 2. As is plain from the quoted language, *Azizian* concerns a party's obligation to post a bond under Federal Rule of Appellate Procedure 7, not any issue raised here. 499 F.3d at 962. Even on its own terms, this argument fails. Mr. Byars has demonstrated no justification for his failure to comply with Circuit Rule 10-3.1. Plaintiffs have been prejudiced in their ability to provide this Court a fair and complete record. And, as a complete record would make clear, Mr. Byars's appeal is meritless and rests on mischaracterizations of the record that the district court has already found to be false.

The Ninth Circuit has dismissed appeals for similar record manipulation. This Court is entitled to "all of the evidence on which the District Court might have based its findings," not just the evidence one party cherry-picks. *Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980). Accordingly, an appellant's failure to provide proper transcripts leaves this Court unable to "properly review this case on appeal," and such a failure "warrants dismissal of the appeal." *Sw. Adm'rs, Inc. v. Lopez*, 781 F.2d 1378, 1379–80 (9th Cir. 1986); *see Thomas*, 631 F.2d at 141 (dismissing appeal for failure to order necessary transcripts by the deadline prescribed by rule).

Appellants must comply scrupulously with each "'step' in the procedure of appeal after filing notice of appeal," *Thomas*, 631 F.2d at 141, especially those steps that determine whether this Court will receive an accurate and complete record. This Court should not extend undue leniency to an appellant such as Mr. Byars who is represented by counsel, nor to an appellant whose meritless appeal reflects an effort to obstruct a valid class action settlement. This Court has the discretion to dismiss Mr. Byars's appeal for his admitted procedural failure. It should do so.

Respectfully submitted,

*J. Jacob Marsh*
Glen E. Summers
Karma M. Giulianelli
J. Jacob Marsh
BARTLIT BECK LLP
1801 Wewatta Street
Suite 1200
Denver, Colorado 80202
(303) 592-3100
glen.summers@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
jacob.marsh@bartlitbeck.com

Marc A. Wallenstein
George A. Zelcs
KOREIN TILLERY LLP
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9750
mwallenstein@koreintillery.com
gzelcs@koreintillery.com